696 So.2d 804 (1997)
J.J.N., a child, Appellant,
v.
STATE of Florida, Appellee.
Nos. 94-02492 to 94-02494.
District Court of Appeal of Florida, Second District.
March 5, 1997.
*805 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
J.J.N. appeals his adjudication of delinquency for obstructing an officer without violence, and two counts of trespass. He also appeals a separate order declaring him in contempt, but assessing no penalty. We affirm all the adjudications with the exception of obstructing an officer without violence.
The obstruction charge resulted from an incident in which two officers went to a residence looking for a missing juvenile. They had information that the missing juvenile was in the house with J.J.N. The record contains no evidence the officers had any reason to believe that J.J.N. had committed, was committing, or was about to commit any offense at the time they knocked on the door of the house. When the officers knocked on the front door, the two juveniles exited a side door. The officers approached them, and the two juveniles ran away in two different directions. The officer who knew J.J.N. chased him. There is no evidence that the officer ordered J.J.N. to stop. He simply caught J.J.N. and arrested him for obstruction because he had run away. Later, the officers developed facts authorizing the state to charge J.J.N. with trespass of this dwelling.
As Judge Patterson has previously explained in greater detail, flight alone does not constitute obstruction. See F.E.C. v. State, 559 So.2d 413 (Fla. 2d DCA 1990). The person who flees must know that the officer intends to detain him and the officer must have a basis for a Terry[1] stop. Id. at 414; D.M. v. State, 681 So.2d 797 (Fla. 2d DCA 1996). In this case, J.J.N. may have known that the officer intended to detain him, but the record contains no evidence authorizing the officer to detain J.J.N.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).